UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LINA GLADKIHK, | No. 2:10-cv-00852-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NATIONAL CITY MORTGAGE, et al., | |
| Defendants. | |

This action arises out of a mortgage loan transaction in which Plaintiff Lina Gladkihk ("Plaintiff") purchased and financed a home in 2004.  Presently before the Court is a Motion by Defendants Green Tree Servicing LLC, Federal National Mortgage Association, National City Mortgage Company, and PNC Mortgage Company (collectively, "Defendants") to Dismiss the claims alleged against them in Plaintiff's Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

1

## BACKGROUND[1]

Plaintiff purchased a home and financed the mortgage in late 2004. In mid-2009, Plaintiff requested a loan modification from Defendant National City Mortgage. After attempting to comply with the requirements of the trial loan modification period, Plaintiff was notified her loan was sold to Defendant Green Tree, who failed to honor the terms of her modification with National City Mortgage. Plaintiff's property was ultimately sold in April 2010, and she never received notice of the sale. Plaintiff further alleges that she did not receive the required disclosures at the time of financing the home (2004), and requests equitable tolling as to her TILA claim.

## STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' Second Amended Complaint unless otherwise specified.

1  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
2  citations and quotations omitted).  Though "a complaint attacked
3  by a Rule 12(b)(6) motion" need not contain "detailed factual
4  allegations, a plaintiff's obligation to provide the 'grounds' of
5  his 'entitlement to relief' requires more than labels and
6  conclusions, and a formulaic recitation of the elements of a
7  cause of action will not do." Id. at 555 (quoting Papasan v.
8  Allain, 478 U.S. 265, 2869 (1986)).  A plaintiff's "factual
9  allegation must be enough to raise a right to relief above the
10 speculative level." Id. (citing 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must
12 contain something more...than...a statement of facts that merely
13 creates a suspicion [of] a legally cognizable right of
14 action.")).
15      Further, "Rule 8(a)(2)...requires a 'showing,' rather than a
16 blanket assertion, of entitlement to relief.  Without some
17 factual allegation in the complaint, it is hard to see how a
18 claimant could satisfy the requirements of providing...grounds on
19 which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal
20 citations omitted).  A pleading must then contain "only enough
21 facts to state a claim to relief that is plausible on its face."
22 Id. at 570.  If the "plaintiffs...have not nudged their claims
23 across the line from conceivable to plausible, their complaint
24 must be dismissed." Id.
25 ///
26 ///
27 ///
28 ///

3

1  Once the court grants a motion to dismiss, they must then
2 decide whether to grant a plaintiff leave to amend.  Rule 15(a)
3 authorizes the court to freely grant leave to amend when there is
4 no "undue delay, bad faith, or dilatory motive on the part of the
5 movant." Foman v. Davis, 371 U.S. 178, 182 (1962).  In fact,
6 leave to amend is generally only denied when it is clear that the
7 deficiencies of the complaint cannot possibly be cured by an
8 amended version.  See DeSoto v. Yellow Freight Sys., Inc.,
9 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
10 Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
11 not be dismissed under Rule 12(b)(6) unless it appears beyond
12 doubt that the plaintiff can prove no set of facts in support of
13 his claim which would entitle him to relief.") (internal
14 citations omitted).

## ANALYSIS

18  Plaintiff alleges violations of state and federal law and
19 requests relief accordingly.  However, the issue before the Court
20 is not the substance of these various claims, but whether
21 Plaintiff has plead enough facts on the federal claim as a
22 general matter, for any to stand.  While the complaint does not
23 need detailed factual allegations, it must still provide
24 sufficient facts alleged under a cognizable legal theory.  See
25 supra.
26 ///
27 ///
28 ///

4

1  **A.   TILA Claim**

3  Plaintiff seeks to rescind her loan and recover damages pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1600 et. seq. Defendants argue that Plaintiff's claim is time-barred because civil damages are subject to a one-year statute of limitations, and claims for rescission have a three-year statute of limitations.

For a plaintiff to collect civil damages from a defendant who failed to provide disclosures mandated by TILA, the statute of limitations requires plaintiff to file suit within one year from the "date of occurrence" of the alleged violation. 15 U.S.C. § 1640(e). The "date of occurrence" is the date the transaction is consummated, which in the case of a mortgage loan, is when the plaintiff closed on the loan. See Walker v. Washington Mut. Bank FA, 63 F. App'x. 316, 317 (9th Cir. 2003).

To sustain a claim for rescission under TILA, a consumer may elect to cancel their residential mortgage loan within three days of either the consummation of the transaction or delivery of required disclosures and rescission forms. 15 U.S.C. § 1635(f)(3). If the required disclosures are not provided, then the right to cancel the transaction extends to three years after the date the loan closed. 15 U.S.C. § 1635(f).

///
///
///
///
///

5

1    In the instant case, Plaintiff is time-barred from asserting
2 any damages under TILA, as the date of occurrence (the date of
3 the loan transaction) was more than one year from the date the
4 case was filed, and more than three years after any material
5 disclosures should have been provided and Plaintiff should have
6 subsequently discovered the omission.
7    However, to save her claim, Plaintiff argues that equitable
8 tolling should apply to suspend the statutes of limitations.  The
9 Ninth Circuit has held that "the doctrine of equitable tolling
10 may, in appropriate circumstances, suspend the limitations period
11 until the borrower discovers or had reasonable opportunity to
12 discover the fraud or nondisclosures that form the basis of the
13 TILA action." King v. State of California, 784 F.2d 910, 915
14 (9th Cir. 1986).  In determining justifiable application of the
15 equitable tolling doctrine, a court "focuses on whether there was
16 excusable delay by the plaintiff." Johnson v. Henderson,
17 314 F.3d 409, 414 (9th Cir. 2002).  To establish excusable delay,
18 the plaintiff must show "fraudulent conduct by the defendant
19 resulting in concealment of the operative facts, failure of the
20 plaintiff to discover the operative facts that are the basis of
21 his cause of action within the limitations period, and due
22 diligence by the plaintiff until discovery of those facts."
23 Federal Election Com'n v. Williams, 104 F.3d 237, 240-41
24 (9th Cir. 1996).
25 ///
26 ///
27 ///
28 ///

1      Here, Plaintiff has failed to demonstrate she conducted the
2 requisite due diligence.  In the Second Amended Complaint,
3 Plaintiff argues she did not have a reasonable opportunity to
4 discover any TILA violations within the one year statute of
5 limitations because they "did not reveal" themselves "until
6 within the past year." (Sec. Am. Compl. ¶ 42.)  Plaintiff does
7 not provide any further facts or information about the documents
8 she read and reviewed, or any conduct on her part, that suggests
9 excusable delay occurred.  Plaintiff's lack of information about
10 her conduct leaves the Court an insufficient basis to invoke
11 equitable tolling.  While Plaintiff suggests Defendants concealed
12 facts about the mortgage, she has not shown a scintilla of due
13 diligence on her part.  Equitable tolling will not be applied,
14 and thus the statute of limitations period has run. Accordingly,
15 Defendants' Motion to Dismiss Plaintiff's TILA claim is granted.
16      There are few material differences between Plaintiff's First
17 Amended Complaint and Second Amended Complaint in regards to the
18 TILA claim, and it is clear to this Court that no amendment will
19 cure Plaintiff's deficiencies with respect to TILA's definitive
20 statutes of limitations.  As a result, leave to amend this cause
21 of action is denied.

         **B.    Plaintiff's Remaining Causes of Action**

25      Plaintiff's federal claim presently dismissed, the Court
26 declines to exercise supplemental jurisdiction over the remaining
27 state causes of action.
28 ///

7

The Court need not address the merits of Defendants' Motions to Dismiss with respect to the remaining state law causes of action, as those issues are now moot.

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 31) is GRANTED.  Plaintiff's TILA claim is dismissed without leave to amend, and therefore the case is dismissed with prejudice.  The Clerk is ordered to close the case.

IT IS SO ORDERED.

Dated: January 26, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8